**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Akiba Malik Matthews

    v.                                    Case No. 17-cv-279-JL

FCI Berlin, Warden

## REPORT AND RECOMMENDATION

    Before the court is Akiba Malik Matthews's petition for
writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C.
§ 2241.  That petition and Mr. Matthews's "Memorandum in Support
of Savings Clause Jurisdiction under 28 U.S.C. §§ 2241, 2255(e)"
(Doc. Nos. 15, 16) have been referred to the undersigned
magistrate judge for a Report and Recommendation.  See May 16,
2019 Order.

## Background

    On May 23, 2008, a federal jury for the U.S. District Court
for the District of Maryland convicted Mr. Matthews on three
counts: distribution and possession of narcotics (Count One),
possession of a firearm during and in relation to a drug
trafficking crime (Count Two), and possession of a firearm by a
convicted felon (Count Three).  See United States v. Matthews,
No. 07-cr-581-CCB-1 (D. Md. Aug. 28, 2008) ("Matthews 1"), ECF
Nos. 66, 84.  The District Court sentenced Mr. Matthews in
August 2008 to 240 months' imprisonment for Count One; 300

months for Count Three to run concurrently with the sentence for Count One; and 60 months for Count Two to run consecutively to the sentences for Counts One and Three, followed by three years of supervised release.  See J., Matthews 1, ECF No. 84.

Mr. Matthews appealed, arguing that the trial court erred both in denying his pretrial motion to dismiss the indictment and in refusing to suppress evidence seized during a traffic stop, and that the district court abused its discretion in imposing a 360-month sentence.  See United States v. Matthews, 373 F. App'x 386, 389 (4th Cir. 2010) (per curiam) ("Direct Appeal").  Noting that 360 months was the low end of the advisory guidelines range calculated under the U.S. Sentencing Guidelines, the Fourth Circuit rejected each argument and affirmed Mr. Matthews's conviction and sentence.  Id. at 393.

On July 8, 2011, Mr. Matthews filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the District of Maryland, seeking to vacate his sentence.  See § 2255 Mot., Matthews v. United States, No. 11-cv-1897-CCB (D. Md. July 8, 2011), ECF No. 1 ("Matthews 2").  In that motion, Mr. Matthews argued that he received constitutionally deficient legal representation because his trial attorney:  (1) failed to move for judgment of acquittal on Count One; (2) failed to object when Count Two was "broadened by the evidence at trial" and "constructively amended" by the Court's jury instructions;

2

and (3) failed to investigate whether the grand jury returned
the indictment publicly in open court.  Matthews 2, ECF No. 1-1
at 1-2, 10-34.  The court in Matthews 2 denied the § 2255 motion
and concluded that Mr. Matthews was not entitled to a
certificate of appealability.  See Matthews 2, ECF No. 2-1.  The
Fourth Circuit denied Mr. Matthews's subsequent motion for a
certificate of appealability and dismissed his appeal.  See
United States v. Matthews, No. 13-6091 (4th Cir. May 29, 2013)
(unpublished per curiam opinion), ECF No. 9; Matthews 1, ECF No.
120.

        While his § 2255 motion was pending in the District Court,
Mr. Matthews filed a new motion in his underlying criminal case,
seeking dismissal of the indictment.  See Matthews 1, ECF No.
105.  The district court denied that motion in a margin order,
see Matthews 1, ECF No. 106, and the Fourth Circuit affirmed,
see United States v. Matthews, No. 12-6113 (4th Cir. May 23,
2012) (unpublished per curiam opinion), ECF No. 7; Matthews 1,
ECF No. 110.

        Thereafter, Mr. Matthews filed a second § 2255 motion,
challenging the validity of his sentence.  See Matthews 1, ECF
No. 118.  The District Court dismissed the second § 2255 motion
without prejudice, concluding that Mr. Matthews had not obtained
permission from the Fourth Circuit to file a successive § 2255
motion, as required under 28 U.S.C. § 2244.  See Matthews 1, ECF

No. 119.  The District Court once again denied Mr. Matthews a
certificate of appealability.  See id.  It does not appear from
the record that Mr. Matthews appealed that judgment.

After being transferred to the Federal Correctional
Institution in Berlin, New Hampshire ("FCI Berlin"), Mr.
Matthews filed the instant § 2241 petition (Doc. No. 1) in this
court, again challenging his sentence.  The undersigned
conducted a preliminary review of the petition and directed
service (Doc. No. 4).  Once served, the government moved to
dismiss (Doc. No. 8) for want of jurisdiction, arguing that
because Mr. Matthews solely alleged a violation of his Sixth
Amendment right to the effective assistance of counsel, he must
seek permission from the Fourth Circuit to file a successive
§ 2255 motion in the District of Maryland.  In his response
(Doc. No. 9), Mr. Matthews contended that he in fact had brought
two claims in addition to his Sixth Amendment claim,
specifically (1) that the sentencing judge constructively
amended the indictment; and (2) that the sentencing judge
imposed a sentence in excess of the statutory maximum.  Mr.
Matthews argued that all three claims were properly before this
court because they fall within § 2255's "savings clause."  See
28 U.S.C. § 2255(e).

This court granted the government's motion to dismiss Mr.
Matthews's Sixth Amendment claim for lack of jurisdiction,

finding that to pursue that claim, Mr. Matthews must seek
permission from the Fourth Circuit to file a successive § 2255
motion in the District of Maryland.[1]  See Mar. 25, 2019 Order
(Doc. No. 14), at 2.  The court agreed with Mr. Matthews,
however, that, at least when construed liberally, his petition
contained the two additional claims he identified in his
response to the motion to dismiss.  See id.  Because the
government had not addressed those claims in its motion, the
court declined to dismiss them and instead directed Mr. Matthews
to show cause whether either claim falls within this court's
savings clause jurisdiction.  See id. at 9.  The court also
granted the government leave to file a response brief.  See id.
Mr. Matthews then filed the same memorandum twice (Doc. Nos. 15,
16) arguing that his claims fall within this court's savings
clause jurisdiction.  The government did not file a response to
Mr. Matthews's memorandum.

    As the court construes Mr. Matthews's petition and
memorandum, one of Mr. Matthews's remaining claims (hereinafter
"constructive amendment claim") is based on the arguments that:

        1) Under the Fifth Amendment Due Process Clause and
        the Sixth Amendment notice and jury trial guarantees, any
        fact that increases the maximum penalty for a crime is an

---

[1]In July 2020, the Fourth Circuit denied Mr. Matthews's
request for an order authorizing the District Court in Maryland
to consider a second or successive application for relief under
28 U.S.C. § 2255.  See In re Matthews, No. 20-363, 2020 U.S.
App. LEXIS 21663 (4th Cir. July 13, 2020).

element of that crime and must be charged in an indictment,
submitted to a jury, and proved beyond a reasonable doubt,
or be admitted by the defendant;

    2) The sentencing court relied upon Mr. Matthews's
prior convictions for serious drug offenses to increase the
maximum penalty for his § 922(g)(1) conviction (Count
Three);

    3) The indictment for Count Three did not charge that
Mr. Matthews had serious prior drug offenses that would
subject him to an enhanced sentence or identify those prior
convictions; and

    4) The sentencing court's imposition of an enhanced
sentence for Count Three constructively amended the
indictment in violation of the Fifth Amendment Grand Jury
clause and denied Mr. Matthews fair notice that the court
would impose an enhanced sentence.[2]

Mr. Matthews's other remaining claim (hereinafter "unlawful

minimum/maximum sentence claim"), as the court understands it,

is that because of the constructive amendment to the indictment,

the court relied upon an incorrect (15-year) statutory minimum -

derived from the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(1) - and imposed a sentence in excess of the 10-year

---

[2]Mr. Matthews also claims his "right to notice and Due
process was violated by the failure to charge or even inform,
[him] of . . . the 841(b)(1)(A) charge, [or] the enhanced
penalty that comes with it." Pet. (Doc. No. 1), at 25.  The
nature of that claim is not clear.  Count One of the indictment
charged Mr. Matthews with distribution and possession of heroin,
a Schedule I controlled substance, in violation of 21 U.S.C. §§
841(a)(1) and (b)(1)(C).  Count Two charged him with possession
of a firearm during and in relation to a drug trafficking crime,
in violation of 18 U.S.C. § 924(c)(1)(A)(i), and Count Three
charged him with being a felon in possession of firearm, in
violation of 18 U.S.C. § 922(g)(1).  See Indict. Matthews 1, ECF
No. 97-3, at 2.  See also Direct Appeal, 373 F. App'x at 387.

statutory maximum for his 18 U.S.C. § 922(g)(1) conviction, in violation of the Due Process Clause of the Fifth Amendment.[3]  See Pet. (Doc. No. 1), at 26.

### Savings Clause Jurisdiction

Generally, a federal inmate may only challenge his conviction or sentence under 28 U.S.C. § 2255.  See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).  That statute provides exclusive jurisdiction over motions challenging the validity of a sentence to the court that imposed the sentence. See 28 U.S.C. § 2255(a).

Section 2255 has a statutory carveout, § 2255(e), known as the "savings clause."  Under that section, a prisoner may challenge his sentence under 28 U.S.C. § 2241 in the district in which he is incarcerated, when a § 2255 motion would be "inadequate or ineffective to test the legality of [the prisoner's] detention."  28 U.S.C. § 2255(e).

"[A]dequacy and effectiveness must be judged ex ante," and "post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration

---

[3]Mr. Matthews does not contend that the trial court incorrectly calculated his sentence under the U.S. Sentencing Guidelines.  Instead, his argument is that the Guidelines minimum (360 months) and maximum (life), see Direct Appeal, 373 F. App'x at 392-93, both exceeded the ten-year statutory maximum for a § 922(g) conviction (absent an ACCA enhancement), and that the court therefore should have sentenced him to no more than 10 years for his Count Three conviction.

of section 2255 is such as to deny a convicted defendant any
opportunity for judicial rectification," or when "strict
adherence to [the Anti-Terrorism and Effective Death Penalty
Act's] gatekeeping provisions would result in a 'complete
miscarriage of justice.'" Trenkler, 536 F.3d at 99 (citations
omitted) (emphasis in original); see also United States v.
Barrett, 178 F.3d. 34, 51 (1st Cir. 1999) (the "essential
function of habeas corpus" is to give "'a prisoner a reasonable
opportunity to obtain a reliable judicial determination of the
fundamental legality of his conviction and sentence'" (quoting
In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998))).  "The
savings clause has most often been used as a vehicle to present
an argument that, under a Supreme Court decision overruling the
circuit courts as to the meaning of a statute, a prisoner is not
guilty within the new meaning attributed to the statute."
Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)
(footnote omitted).  "The savings clause has to be resorted to
for such a statutory claim because Congress restricted second or
successive petitions to constitutional claims." Id.

     Matthews contends that § 2255 is inadequate and/or
ineffective to test the legality of his sentence because: 1) he
failed to raise his constructive amendment claim and unlawful
sentence claim in his first § 2255 motion, see Pet. (Doc. No.
1), at 18 (acknowledging his procedural default of those

claims); and 2) a second or successive § 2255 motion may be authorized only when it is premised on either newly discovered evidence of actual innocence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review, and his claims do not rely on either, see id.  But the "mere inability" to secure authorization to file a second or successive § 2255 motion, without more, "does not afford access to the savings clause." Trenkler, 536 F.3d at 98-99 (citation omitted).  The claims at issue here do not fall within this court's savings clause jurisdiction because they could have been raised previously, and failing to address them here will not result in a miscarriage of justice, for reasons explained below.

## Discussion

### I.  Constructive Amendment Claim

The Fifth Amendment guarantees that no one will be deprived of liberty without "'due process of law'"; and the Sixth Amendment guarantees "that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.'" United States v. Gaudin, 515 U.S. 506, 509-10 (1995) (quoting U.S. Const. amend. V, VI).  "[T]hese provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." Id. at 510 (citation omitted).  Thus, every element of the

offense "must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." <u>Jones v. United States</u>, 526 U.S. 227, 232 (1999).

In <u>Almendarez-Torres v. United States</u>, the Supreme Court refused to adopt a rule that any fact, including the existence of a prior conviction, that increases the statutory maximum sentence for an offense is an element of that offense. 523 U.S. 224, 247 (1998). "<u>Almendarez-Torres</u>[,] . . . fairly construed, established that a sentencing enhancement may be grounded on prior criminal convictions neither separately charged [in the indictment] nor proven to a jury." <u>United States v. Gonzalez</u>, 949 F.3d 30, 41 (1st Cir. 2020) (citation and internal quotation marks omitted), <u>petition for cert. filed</u>, No. 19-8783 (U.S. June 13, 2020); <u>see also</u> <u>Apprendi v. New York</u>, 530 U.S. 466, 490 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Matthews contends that <u>Almendarez-Torres</u>'s "theoretical underpinnings have now been rejected [by later Supreme Court decisions], and the Supreme Court is poised to overrule it." Pet. (Doc. No. 1), at 27 (citing, <u>e.g.</u>, <u>Alleyne v. United States</u>, 570 U.S. 99 (2013); <u>Shepard v. United States</u>, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring); <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>Blakely v.</u>

<u>Washington</u>, 542 U.S. 296 (2004)).

In an opinion addressing the same argument Mr. Matthews makes here, the First Circuit stated:

> We are not at liberty to browse through these tea leaves and vaticinate what future holdings the Supreme Court may (or may not) make. Where, as here, a Supreme Court decision applies directly to a case before us yet arguably depends on a rationale called into question by a later decision, we must still follow the decision that directly applies.

<u>Gonzalez</u>, 949 F.3d at 42 (citations omitted). In sum, since <u>Almendarez-Torres</u> has neither been overruled nor abrogated by the Supreme Court, it remains the law that governs this case. See <u>Gonzalez</u>, 949 F.3d at 42.

Mr. Matthews's constructive amendment claim was available either for plain error review on direct appeal or habeas review in his first § 2255 motion to vacate. Except for <u>Alleyne</u>, all the cases he cites to support his <u>Almendarez-Torres</u> argument were decided before Mr. Matthews filed his first § 2255 motion. See Pet. (Doc. No. 1). Moreover, Mr. Matthews does not assert that there has been an intervening change in the interpretation of a statute that would have rendered him not guilty of one or more of the offenses of which he was convicted, or of any predicate offense upon which his mandatory minimum sentence was based. Cf. <u>Sustache-Rivera</u>, 221 F.3d at 16 & n.14; <u>Mata v. Hazlewood</u>, No. 17-cv-092-JL, 2018 U.S. Dist. LEXIS 31656, at *8 (D.N.H. Jan. 29, 2018) (accepting government's concession in

11

that case that savings clause jurisdiction extended to allow
court to consider whether petitioner's prior state conviction
still qualified as predicate offense for purposes of applying
ten-year minimum under 21 U.S.C. § 841), R&R approved, 2018 U.S.
Dist. LEXIS 31116 (D.N.H. Feb. 26, 2018).  In short, Mr.
Matthews has not demonstrated that the configuration of § 2255
has effectively denied him the opportunity for judicial review
of his constructive amendment claim.  Cf. Trenkler, 536 F.3d at
99.

Mr. Matthews also contends that the application of § 2255's
gatekeeping provisions for second or successive motions to
vacate would result in a complete miscarriage of justice, see
id., because he is serving a sentence in excess of the statutory
maximum.  See Pet. (Doc. No. 1), at 35.  An error at sentencing
rises to the level of a "fundamental defect" and results in a
complete miscarriage of justice if the prisoner "is either
actually innocent of his crime or . . . a prior conviction used
to enhance his sentence has been vacated."  Spencer v. United
States, 773 F.3d 1132, 1139 (11th Cir. 2014); see also Damon v.
United States, 732 F.3d 1, 5–6 (1st Cir. 2013) (rejecting claim
of actual innocence of non-capital sentence where petitioner did
not demonstrate actual factual innocence of the crime used to
enhance his sentence).

Mr. Matthews does not allege that he is factually innocent

of any of his crimes of conviction or his predicate offenses.
Nor does he allege that any of his predicate offenses have been
vacated.  As such, Mr. Matthews has not demonstrated that
failure to consider his claim under the savings clause would
result in a miscarriage of justice.  Cf. United States v. Olano,
507 U.S. 725, 736 (1993) (in general, in "collateral-review
jurisprudence, the term 'miscarriage of justice' means that the
defendant is actually innocent" (citation omitted)); Trenkler,
536 F.3d at 99 ("Most courts have required a credible allegation
of actual innocence to access the savings clause.").
Consequently, the court lacks savings clause jurisdiction over
his constructive amendment claim.

II.  Unlawful Minimum/Maximum Sentence Claim

    In sentencing Mr. Matthews, the District Court in Maryland
grouped Counts One and Three together, making the sentences on
those counts concurrent.  See Sent. Tr., Matthews 1, ECF No. 94
at 46:9-10.  Mr. Matthews's conviction for Count Two, possession
of a firearm during and in relation to a drug trafficking crime,
in violation of 18 U.S.C. § 924(c)(1)(A), carried a 60-month
mandatory consecutive sentence.  See Sent. Tr., Matthews 1, ECF
No. 94 at 47:2-4.

    To calculate the applicable guidelines range for Mr.
Matthews's sentence, the court applied the Career Offender Table

13

for a § 924(c) offense, set forth in United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(c)(3).[4]  See Sent. Tr., Matthews 1, ECF No. 94 at 47:4-8.  The court determined from the table that Mr. Matthews's adjusted sentencing guidelines range was 360 months to life in prison.  See id. at 47:8-10.  The court imposed concurrent sentences of 240 and 300 months, respectively, on Counts One and Three, and a consecutive sentence of 60 months on Count 2, for a total sentence of 360 months.  See J., Matthews 1, ECF No. 84, at 2.

Matthews contends the 300-month (25-year) Guidelines sentence for his § 922(g)(1) conviction exceeded the 10-year statutory maximum for such an offense.  See Pet. (Doc. No. 1), at 21.  Mr. Matthews refers to 18 U.S.C. § 924(a)(2), which at the time he committed the § 922(g)(1) offense and was indicted, convicted, and sentenced on Count Three, provided that "[w]hoever knowingly violates . . . [§ 922(g)] shall be . . .

---

[4]Mr. Matthews's offense level was calculated to be 18 based upon the quantity of drugs for which he was responsible.  See Sent. Tr., Matthews 1, ECF No. 94 at 46:10-13.  Mr. Matthews was determined to be a career offender under U.S.S.G. § 4B1.1, as he had four prior qualifying drug convictions, raising his offense level to 32 under the "career offender" guidelines.  See Sent. Tr., Matthews 1, ECF No. 94 at 46:19-24.  His criminal history level was VI based upon both the number of points for prior convictions (16) and his status as a "career offender."  See id. at 46:24-47:1.  Mr. Matthews's "criminal history was so extensive that, even absent the career offender designation, his criminal history category was VI."  Direct Appeal, 373 F. App'x at 392 n.3.

imprisoned not more than 10 years . . . ."  18 U.S.C.

§ 924(a)(2) (2006).  Mr. Matthews also contends that the court

applied an incorrect statutory minimum - 15 years, found at

§ 924(e)(1) - to arrive at his sentence for Count Three.  <u>See</u>

Pet. (Doc. No. 1), at 25.  Section 924(e)(1) provides that:

> In the case of a person who violates section 922(g) of
> this title and has three previous convictions . . .
> for a violent felony or a serious drug offense, or
> both, committed on occasions different from one
> another, such person shall be fined under this title
> and imprisoned not less than fifteen years, and,
> notwithstanding any other provision of law, the court
> shall not suspend the sentence of, or grant a
> probationary sentence to, such person with respect to
> the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (2006).

Section 924(e) is a recidivist provision that enhances the

sentence to which it applies.  Mr. Matthews cannot rely on any

intervening change in controlling precedent concerning the

applicability of that statute, in arguing that the configuration

of section 2255 previously rendered him unable to raise his

unlawful minimum/maximum sentence claim.  <u>Cf.</u> <u>Trenkler</u>, 536 F.3d

at 99.  It has been the law in the Fourth Circuit and elsewhere

at all pertinent times that "[s]ection 924(e) enhances the

sentence for a violation of § 922(g) to a term of imprisonment

of not less than 15 years when the defendant has 'three previous

convictions . . . for a violent felony or a serious drug

offense, or both, committed on occasions different from one

another.'" United States v. Cheek, 415 F.3d 349, 350 n.* (4th

Cir. 2005) (quoting 18 U.S.C. § 924(e)(1)); accord United States

v. James, 950 F.3d 289, 290 (5th Cir. 2020) ("[u]nder the ACCA,

the ordinary statutory maximum sentence of ten years of

imprisonment [under § 924(a)(2)] morphs to a statutory minimum

of fifteen years of imprisonment" under § 924(e)(1) (emphasis in

original)).

Moreover, Mr. Matthews's unlawful minimum/maximum sentence

claim is derivative of his constructive amendment claim.  In

other words, his claim that the court relied upon an incorrect

statutory minimum and imposed a sentence in excess of the

statutory maximum relies on the merits of the constructive

amendment claim for its own success.  As the constructive

amendment claim does not fall within this court's savings clause

jurisdiction, by extension, his unlawful minimum/maximum

sentence claim likewise does not.

Mr. Matthews does not assert that there has been an

intervening change in the criminal law that would have rendered

him not guilty of the § 922(g) conviction.  Cf. Sustache-Rivera,

221 F.3d at 16 & n.14.  Nor does he allege that he is factually

innocent of the § 922(g) offense or of any of his predicate

offenses.  Mr. Matthews points to no change in the law that made

§ 924(e) inapplicable to his sentence calculations.  And he does

not allege that any of his predicate offenses have been vacated

or invalidated since the time of his sentencing or first § 2255

motion.  As such, Mr. Matthews has not demonstrated that a

miscarriage of justice has occurred in his case.  Under such

circumstances, the court lacks savings clause jurisdiction over

his unlawful minimum/maximum sentence claim.

## Conclusion

For the foregoing reasons, the district judge should

dismiss Mr. Matthews's § 2241 petition in its entirety for lack

of savings clause jurisdiction.  Any objections to this Report

and Recommendation must be filed within fourteen days of receipt

of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day

period may be extended upon motion.  Failure to file specific

written objections to the Report and Recommendation within the

specified time waives the right to appeal the district court's

order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168

(1st Cir. 2016).

_Andrea K. Johnstone_

Andrea K. Johnstone
United States Magistrate Judge

September 28, 2020

cc:  Akiba Malik Matthews, pro se

17